B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Countryside Manor of Bristol | **DEFENDANTS**<br>Jean Barnicoat |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Anne Jasorkowski, Esq., Goldman Gruder & Woods, LLC, 200 Connecticut Avenue, Norwalk, CT 06854.   (203)899-8900 | **ATTORNEYS** (If Known)<br>Joel M. Grafstein, Esq., 10 Melrose Drive, Farmington, CT 06032. (860)674-8003 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Request for Declaratory Judgment that contract is not executory (rule 7001(9))

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $    N/A |
| **Other Relief Sought** | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR Jean Barnicoat || BANKRUPTCY CASE NO. 13-21751 asd |||
| DISTRICT IN WHICH CASE IS PENDING | CT | DIVISION OFFICE Hartford || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING ||| DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| *[signature: Anne Jasorkowski]* |||||
| DATE 10.18.13 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) Anne Jasorkowski |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In re:

JEAN BARNICOAT          ,                    :           Chapter 7
                                             :
                    Debtor.                  :           Case No. 13-21751
-----------------------------------------------x
BRISTOL CCH GROUP, LLC                       :
                                             :           Adv. Pro. No. 13-_____
                                             :
                    Plaintiff,               :
                                             :
- against -                                  :
                                             :
JEAN BARNICOAT    :
                                             :
                    Defendant.               :           October 18, 2013
-----------------------------------------------x

**BRISTOL CCH GROUP, LLC'S REQUEST FOR A DETERMINATION THAT THE ADMISSION AGREEMENT BETWEEN BRISTOL CCH GROUP, LLC AND THE DEBTOR, JEAN BARNICOAT
<u>IS NOT AN EXECUTORY CONTRACT</u>**

BRISTOL CCH GROUP, LLC, which does business as Countryside Manor of Bristol, the plaintiff herein ("Countryside Manor" or "Plaintiff"), by and through its counsel, hereby alleges:

    1.    This is an adversary proceeding to obtain a declaratory judgment brought pursuant to Fed.R.Bankr.P. 7001(9).

    2.    This is a core proceeding pursuant to 28 U.S.C. § 157(b) and Fed.R.Bankr.P. 7008.

    3.    This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

    4.    Venue is proper pursuant to 28 U.S.C. §1408 and 1409.

    5.    On August 27, 2013, Jean Barnicoat (the "Debtor" or "Defendant") filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code").

1

6. Plaintiff is listed as a creditor in the above captioned bankruptcy proceeding.

7. The Debtor listed an Admission Agreement with the Plaintiff as an executory contract on Schedule G.

8. Plaintiff hereby institutes an action against the Debtor seeking a determination that the Admission Agreement, described more fully herein, entered into between the Plaintiff and the Debtor is not an executory contract capable of acceptance or rejection pursuant to section 365 of the Bankruptcy Code. A copy of the Admission Agreement is annexed hereto as Exhibit A.

9. The Plaintiff is duly licensed to operate a chronic care and convalescent facility located in Bristol, Connecticut, known as Countryside Manor of Bristol.

10. The Debtor is married to Allan Barnicoat.

11. On or about July 18, 2012, Allan Barnicoat was admitted as a patient/resident of the Plaintiff's facility.

12. On or about July 30, 2012, the Debtor executed the Admission Agreement (listed on Schedule G) as a Responsible Party with the Plaintiff, and in accordance with the Admission Agreement, the Plaintiff proceeded to provide Allan Barnicoat with care and services, including general nursing care, room and board, meals, linens and bedding, and assistance with daily living activities. (hereinafter referred to as care and services.)

13. The Admission Agreement requires the Defendant, as a Responsible Party to:

    a. use her access to Allan Barnicoat's income, assets and property to use the funds for Allan Barnicoat's welfare, including making prompt payment for care and services rendered to Allan Barnicoat;

    b. act promptly and expeditiously to establish and maintain eligibility for Medicaid assistance for Allan Barnicoat;

2

c. pay Allan Barnicoat's monthly income, less a personal needs allowance as established by the Connecticut Department of Social Services ("DSS") on or before the tenth day of each month while his Medicaid application was pending;

d. pay Allan Barnicoat's "applied income" monthly to the facility on or before the tenth day of each month once Allan Barnicoat was determined by the DSS to be eligible for Medicaid assistance.

14. The DSS granted Medicaid assistance to Allan Barnicoat effective July 1, 2012.

15. The DSS determined Allan Barnicoat's applied income to be $3,509.82 from July 1, 2012 through June 30, 2013 and $3,752.77 as of July 1, 2013.

16. On or about August 5, 2013, Countryside Manor, through their attorneys, wrote to the Debtor, demanding payment of $35,303.39 in unpaid applied income due under the Resident Admissions Agreement.

17. In listing the Resident Admission Agreement as executory in her August 27, 2013 bankruptcy petition, the Debtor effectively seeks to avoid her obligations under the Admission Agreement to pay over Allan Barnicoat's applied income to Countryside Manor postpetition via the Trustee's rejection of the Admission Agreement.

18. As of September 1, 2013, the Debtor continues to fail to pay over Allan Barnicoat's applied income to Countryside Manor, in breach of the Admission Agreement.

19. Since Allan Barnicoat is eligible for Title XIX, or "Medicaid" assistance, the Plaintiff is unable to discontinue providing care and services to him or discharge him for non-payment in accordance with C.G.S. §19a-535(b) on account of his eligibility.

## COUNT I

20. The Plaintiff restates the allegations contained in paragraphs 1 through 19.

3

21. The Plaintiff is required by C.G.S. §19a-535(b)e to continue to provide services to Allan Barnicoat and must continue to perform its obligations under the Admission Agreement.

22. The Admission Agreement is not an executory contract and, therefore, is not capable of acceptance or rejection pursuant to 11 U.S.C. § 365.

**WHEREFORE**, Plaintiff respectfully requests the Court find for the Plaintiff and determine that the Admission Agreement is not an executory contract.

BRISTOL CCH GROUP, LLC.

By: ____/S/ Anne Jasorkowski_____
ANNE JASORKOWSKI, ESQ. (ct 27904)(426562)
Goldman Gruder & Woods, LLC
200 Connecticut Avenue
Norwalk, Connecticut 06854
Tel. (203) 899-8900
Fax. (203) 899-8915
Email: ajasorkowski@goldgru.com
Attorney for the Plaintiff

4