## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ------------------------------------------------- ) | |
| IN RE: ) | CASE NO.   13-21751(ASD) |
| ) | |
| JEAN BARNICOAT, ) | |
| ) | CHAPTER   7 |
|     DEBTOR. ) | |
| ------------------------------------------------- ) | |
| BRISTOL CCH GROUP, LLC, ) | |
| d/b/a COUNTRYSIDE MANOR ) | |
| OF BRISTOL, ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | |
| VS. ) | ADV. PRO. NO.13-02037 |
| ) | |
| JEAN BARNICOAT, ) | RE: ADV. ECF NO. 11 |
| ) | |
|     DEFENDANT. ) | |
| ------------------------------------------------- ) | |

## BRIEF MEMORANDUM AND ORDER
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND ORDER SCHEDULING TRIAL FOR JUNE 17, 2014

### I.   INTRODUCTION.

Before the Court is a motion for summary judgment filed by the plaintiff in an adversary proceeding against a *pro se* defendant. As discussed in more detail hereinafter, because the plaintiff has failed to comply with applicable local rules related to summary judgment and notice to *pro se* litigants regarding summary judgment, the motion cannot be considered at this time. However, the Court deems it appropriate to provide the plaintiff with an opportunity to amend the motion. In the absence of the filing and service of timely amendments as provided for hereinafter, trial of this adversary proceeding shall be held on June 17, 2014 at 10:00 AM.

## II.    BACKGROUND

*A. The Bankruptcy Case*

On August 27, 2013 (hereinafter, the "Petition Date"), the debtor-defendant, Jean Barnicoat (hereinafter, the "Debtor-Defendant"), commenced the instant bankruptcy case, Case No. 13-21751, by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  Included in the Voluntary Petition is what the Debtor-Defendant lists as an unsecured, non-priority debt owed to "Countryside Manor of Bristol" in the amount of $38,813.21 for "Medical Expenses." *See* Schedule F.  On Schedule G, the Debtor-Defendant lists as an executory contract a "Resident Admissions Agreement with skilled nursing facility" (hereinafter, the "Admission Agreement") with "Countryside Manor of Bristol."

*B. The Adversary Proceeding*

On October 22, 2013, Plaintiff, Bristol CCH Group, LLC., doing business as Countryside Manor of Bristol (hereinafter, "Countryside Manor"), a duly licensed chronic care and convalescent facility located in Bristol, Connecticut, commenced the instant Adversary Proceeding, Adv. P. No. 13-02037, by the filing of a complaint (hereinafter, "the Complaint") seeking a declaratory judgment by the Court that the Admission Agreement is not an executory contract, and therefore, is not subject to acceptance or rejection pursuant to Bankruptcy Code §365. The Debtor-Defendant has not responded to the Complaint and no attorney has appeared in this adversary proceeding on her behalf.[1]

---

[1] Attorney Joel M. Grafstein has appeared for the Debtor in Case No. 13-21751, but neither he nor any other attorney has appeared for the Debtor-Defendant in this Adversary Proceeding.

*C. The Motion for Summary Judgment*

On December 26, 2013, Countryside Manor filed a *Motion for Summary Judgment* (hereinafter, the "Motion"), Adv. ECF No. 11, along with *Bristol CCH Group, LLC's Memorandum of Law in Support of Motion for Summary Judgment* (hereinafter, the "Memorandum of Law") (containing in Part III a "Statement of Material Facts Not in Dispute")*,* Adv. ECF No. 11-2 and an *Affidavit in Support of Motion for Summary Judgment,* Adv. ECF No. 11-3.   No responsive pleadings have been filed by the *pro se* Debtor-Defendant.

## III.    DISCUSSION.

Rule 56(b) of the Local Civil Rules of the United States District Court for the District of Connecticut (hereinafter, the "Local Rules") provides, in pertinent part:

> **(b) Notice to Pro Se Litigants Regarding Summary Judgment**. Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgement." * * * * The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Rule Civil Rule 56.

A review of the files and records of this proceeding reflects that Countryside Manor has failed to comply with Local Rule 56(b), applicable to this proceeding by D.Conn. LBR 1001-1(b), thereby depriving the *pro se* Debtor-Defendant of the intended and informative benefit of notice pursuant to that rule.   As the *pro se* Debtor-Defendant was not served with the notice required by Local Rule 56(b) (with the copies of the full text of Fed. R. Civ. P. 56

and Local Rule 56 attached),[2] the Motion is deficient and cannot be considered at this time.

## IV.   ORDER

In accordance with the above,

**IT IS HEREBY ORDERED** that on or before May 30, 2014, Countryside Manor shall amend the Motion by (i) filing and serving the Notice to Pro Se Litigant required by Local Rule 56(b) along with copies of the full text of Fed. R. Civ. P. 56 and Local Rule 56 as required, and (ii) annexing thereto in accordance with Local Rule 56(a) a document entitled "Local Rule 56(a)1 Statement" which sets forth in separately numbered paragraphs, meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which it contends there is no genuine issue to be tried, and (iii) which otherwise complies with Local Rule 56, and

**IT IS FURTHER ORDERED** that in the event Countryside Manor fails to timely amend the Motion in accordance with the immediately preceding paragraph, the Motion shall be denied without further notice and a hearing, in which event trial of this adversary proceeding shall be held on *Tuesday, June 17, 2014, commencing at 10:00 AM*.

Dated: May 6, 2014                                                    BY THE COURT



Albert S. Dabrowski
**Chief United States Bankruptcy Judge**

---

[2]Countryside Manor has also failed to fully comply with Local Rule 56(a) which supplements Fed. R. Civ. P 56(c) by requiring, *inter alia*, that a movant (i) annex to its summary judgment motion papers a document entitled "Local Rule 56(a)1 Statement" which (ii) "sets forth in separately numbered paragraphs, meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." The "Statement of Material Facts Not in Dispute," included as part of the Memorandum of Law, is not properly captioned, and does not set forth alleged undisputed facts in separately numbered paragraphs).